IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ANDRES, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 11-33Erie |
| | ) | |
| v. | ) | District Judge Schwab |
| | ) | |
| JOY MINING MACHINERY, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for contempt filed by Plaintiff [ECF No. 93] be denied in part and dismissed in part.

**II.    REPORT**

    **A.  Relevant Procedural History**

On September 29, 2014, Plaintiff filed a Motion for Contempt. ECF No. 93. Plaintiff suggests that Joy Mining failed to comply with this Court's September 2013 Order Enforcing a Settlement Agreement.

The underlying case has a protracted history, only part of which need be related here. This civil action was removed from Venango County Court of Common Pleas by Defendants on February 9, 2011. In his original complaint, Plaintiff, acting *pro se*, named the following as Defendants: Defendants Joy Mining Machinery, IAM Local 1842, and Elmer Fiely, Jr. Plaintiff's complaint read:

> Complaint: Extreme harassment, Disparity of treatment, Termination without fair trial, Violation of company harassment policy, Violation of company work rules, Violation of collective bargaining agreement,

1

> Covering up unsafe work conditions, and filing false accident report, failure to filling out accident report, Hate crime, Violation of privacy act, Willful misconduct and abuse of power, Unlawful suspension for something someone did (machine wreck), failure to provide a safe work place. Retaliation of an employee for reporting assault and hate crimes by an employer and employee. Reporting false information in a workers compensation case, violation of equal employment laws of PA. Intimidation in the workforce. Refuse of medical treatment when requested by employee. On shift Company EMS was not provided (turned away by shift foreman who was not medical trained to do so).

ECF No. 1-2.

Plaintiff, still acting *pro se*, filed an Amended Complaint on July 18, 2011 [ECF No. 14], Defendants filed Answers, and this Court conducted a Case Management Conference. The parties agreed to participate in mediation before Thomas Frampton, Esquire. By Notice filed December 19, 2011, this Court was notified that mediation was unsuccessful. ECF No. 38.

The parties appeared before the undersigned for a Settlement Conference on February 13, 2012. A settlement was reached and this case was administratively closed. ECF Nos. 41, 42. The case was re-opened in June of 2012, after the parties advised the Court in June of 2012 that the prior settlement was no longer in effect.

Thereafter, the parties filed cross-motions for summary judgment, and briefs in opposition thereto. Because some of Plaintiff's *pro se* briefing revolved around proposed edits to the February 13, 2012 Settlement Agreement, this Court conducted a status conference on October 17, 2012, which became yet another round of settlement discussions. ECF No. 61. Because of conflicting medical reports concerning Plaintiff's physical limitations and his ability to return to work, the parties agreed that an independent medical exam would be conducted at Defendants' expense within two weeks and further settlement discussions before the Court would be held thereafter. Id.

This Court held a Status Conference on November 15, 2012, at which time counsel for Joy Mining indicated that the independent medical exam had taken place, but no report had been drafted. ECF No. 69. This Court held a Status Conference again on November 28, 2012. The report from the independent medical exam indicated that Plaintiff could return to light duty work. Settlement was not reached and a new briefing schedule was entered. ECF No. 70. This Court indicated that it would attempt to locate counsel willing to assist Plaintiff in this case.

In April of 2013, Attorney Mark Pavkov entered his appearance on behalf of Plaintiff. ECF No. 77. On April 9, 2013, this Court referred this matter to Magistrate Judge Cynthia Eddy for further settlement discussions. ECF No. 76. Settlement was scheduled for June 5, 2013, and the parties informed the Court on June 3rd that the matter had settled. A final signed copy of the settlement agreement was not filed with the Court.

By Motion filed July 31, 2013, Plaintiff moved to enforce the June 4th settlement agreement. ECF No. 82. A copy of an unsigned Settlement Agreement and General Release of All Claims, dated June 4, 2013, is filed as an exhibit to the motion. See ECF No. 83-1, pages 7-12. Following briefing by the parties and a hearing on the matter, this Magistrate Judge granted the motion to enforce settlement by Order dated September 16, 2013. ECF Nos. 91, 92. The Order read:

> IT IS ORDERED that Plaintiff Robert F. Andres, Jr.'s Motion to Enforce Settlement is hereby GRANTED. It is further ORDERED that Joy Mining Machinery shall abide by the terms of the parties' settlement, embodied in the terms of the Settlement Agreement signed by Defendants IAM Local 1842 and Elmer Fiely, Jr. and Plaintiff Robert F. Andres, Jr. It is further ORDERED that Joy Mining Machinery shall return Mr. Andres to full-time work with Joy Mining as soon as a job within Mr. Andres' physical limitations is identified by Joy Mining.

ECF No. 91.[1]

---

[1] Sometime following the September 16, 2013 hearing, Elmer Fiely passed away.

3

As of February 7, 2014, Plaintiff returned to employment at Joy Mining Machinery.

On September 29, 2014, Plaintiff filed the present Motion for Contempt. ECF No. 93. Plaintiff argues that Joy Mining failed to comply with this Court's September 2013 order by failing to return Plaintiff to a job that was available at that time. Plaintiff also suggests that he should have been returned to full employment in October of 2012, and contempt should be entered as to this. Finally, Plaintiff argues that Joy Mining and IAM Local 1842 have failed to comply with the Collective Bargaining Agreement.

Both Joy Mining and IAM Local 1842 have filed briefs in opposition to the pending motion. ECF Nos. 97, 98.[2] This Court held a telephonic hearing on this matter on October 6, 2014, and recommends that Plaintiff's motion for contempt be denied in part and dismissed in part as unrelated to the underlying case. See ECF No. 101.

### B. Standard of Review

"Courts use civil contempt both to compensate losses or damages sustained by reason of noncompliance with a court order and to coerce future compliance." Roe v. Operation Rescue, 730 F.Supp. 656, 657 (E.D. Pa. 1989). A party seeking contempt sanctions must prove by clear and convincing evidence that: (1) a valid order existed; (2) the alleged contemnor was aware of the order; and (3) the alleged contemnor disobeyed the order. See, e.g., John T. v. Delaware City Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2002); Roe v. Operation Rescue, 919 F.2d 857, 871 (3d Cir. 1990). In order to justify a contempt remedy, the provisions of the order which were

---

[2] Both of these Defendants have requested that, based on the frivolity of the motion for contempt, Plaintiff be required to reimburse them for the fees and costs incurred in the defense of this motion. ECF No. 97. In the event the motion for contempt is finally resolved in their favor by District Judge Schwab, counsel for these Defendants may file a motion for fees and costs.

allegedly violated must be clear and all ambiguities must be resolved in favor of the alleged contemnor. See Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1994). [3]

### C. Plaintiff's Motion for Contempt

*Contempt based upon the February 7, 2014 return to employment*

The evidence presented by the parties reflects that between the entry of this Court's Order Enforcing Settlement on September 16, 2013, and Plaintiff's return to work on February 7, 2014, the following occurred:

- Joy Mining identified an appropriate unbiased physician to conduct an independent binding medical examination of Plaintiff, pursuant to the terms of the Collective Bargaining Agreement. ECF No. 97-1, Declaration of Timothy Buck, Business Director of IAM District 98, at ¶ 6.

- The examination by Dr. Victor Thomas took place on November 19, 2013. The initial report by Dr. Thomas indicated that Plaintiff could return to his position as a machinist, but noted the lack of review of the extensive medical records from Plaintiff's treating physician. Joy Mining requested that Dr. Thomas obtain those records and supplement his opinion. Dr. Thomas did so and issued a revised report in mid-January of 2014. indicating that his medical opinion had not changed. ECF No. 98-1, Declaration of Diane Kemick.

- Following Dr. Thomas's final report, Joy Mining extended Plaintiff's seniority rights, effectively voluntarily agreeing to waive portions of the Collective Bargaining Agreement in Plaintiff's favor. ECF No. 98-1, Kemick Declaration, at ¶¶ 20, 21.

- On February 5, 2014, Plaintiff met with Michael McChesney and Kemick to discuss his return to work. At that time, Plaintiff indicated that he was not sure if he could perform the job and indicated that he was still collecting Social Security disability benefits and told them that his benefits would be placed on hold for up to one year so that he could determine if

---

[3] "[T]he broad category of civil contempt consists of compensatory or remedial actions which seek to compensate the complainant for damages caused by past acts of disobedience, and coercive actions which are designed to aid the complainant by bringing the defiant party into compliance with the court's order." Roe v. Operation Rescue, 730 F.Supp. 656, 657 (E.D. Pa. 1989).

- he was physically able to perform his job as a machinist. ECF No. 98-1, Kemick Declaration, ¶ ¶ 22, 23.

- Plaintiff returned to work on February 7, 2014, and remained employed as of October 6, 2014, the date of the hearing on the present motion.

Plaintiff has not presented clear and convincing evidence that either Joy Mining or IAM Local 1842 has disobeyed this Court's September 16, 2013 Order to Enforce Settlement Agreement by not returning him to work on that very day. Instead the evidence demonstrates that the parties acted in accordance with the Order which directed that Joy Mining return Plaintiff to full time work "as soon as a job within Mr. Andres' physical limitations is identified by Joy Mining." ECF No. 91. Because Plaintiff has not met his burden in this regard, the motion for contempt should be denied. See Harris, 47 F.3d at 1326, quoting Quinter v. Volkswagen of Am., 676 F.3d 969, 974 (3d Cir.1982) (a finding of contempt is improper "if 'there is ground to doubt the wrongfulness of' the defendant's conduct.").

Moreover, Plaintiff's request for contempt sanctions based upon Joy Mining's alleged improper failure to return Plaintiff to employment in October of **2012** should be denied as there was no valid court order upon which to base the contempt.

*Contempt based on Union's breach of Collective Bargaining Agreement*

Finally, Plaintiff claims that the union is in breach of the Collective Bargaining Agreement based upon its failure to demand arbitration of his October 1, 2013 grievance (which seeks back pay beginning in October of **2012**). This claim is well beyond the Order Enforcing

6

Settlement and accordingly Plaintiff's request for sanctions based on this theory should be dismissed.[4]

---

[4] Furthermore, the evidence before this Court reflects that the Union considers Andres' demand for back pay from October 2012 to be erroneous. Shortly after this Court's Order to Enforce Settlement, Plaintiff filed a grievance (dated October 1, and received by Joy Mining on October 15, 2013) requesting generally that Joy Mining return him to work under the Collective Bargaining Agreement. ECF No. 97-1, Buck Declaration, ¶ 6. After his return to work on February 7, 2014, Plaintiff contacted his Union Representative, Tim Buck, contending that (under the Collective Bargaining Agreement) he was entitled to back pay from October of **2014** **(**the date upon which Andres received a functional capacity report from his doctor). Although neither Mr. Buck nor the Union shared Mr. Andres' view, Buck communicated Andres' position to Joy Mining by letter dated February 21, 2014. ECF No. 97-1, Buck Declaration ¶ 12; ECF No. 93-3, letter from Buck to Kemick.

After months of negotiations, a tentative agreement was reached and was presented to Andres in August of 2014. ECF No. 97-1, Buck Declaration, ¶ 13. The tentative agreement provided that Andres would receive full wages and benefits he would have earned from October 1, 2013 (the date he signed the grievance) through February 5, 2014 (the date upon which he returned to employment). ECF No. 97-1. Andres refused to sign the agreement and instead demanded that the Union proceed to arbitration because he believes he is entitled to back pay from October 2012. ECF No. 97-1, Buck Declaration ¶ 19.

Mr. Buck explains that he has "discussed with Mr. Andres on numerous occasions that he cannot use the grievance procedure to get back pay for the period of time that he was involved in federal court litigation, and trying to settle his case with the Company." ECF No. 97-1, Buck Declaration, ¶ 22. In an email to Andres dated September 15, 2014, Buck details:

> "… as I have explained to you in the past, the Union can't recover back pay *through the contract* for events and periods of time when *you and your lawyers* were negotiating with the Company in *your lawsuit*. (I know your lawyer was told this also.) […]
>
> The Union has done everything that we can under the contract to help you get back pay related to your return to work. In fact, this settlement has greater relief for you than we could get if we went to arbitration, because an arbitrator probably wouldn't award back pay to October 1, 2013. There will be no arbitration of this issue (or further grievances) because the Company has agreed to full relief, and there is nothing to be gained (as opposed to lost) by arbitration. […]"

ECF No. 97-1 (emphasis in original).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for contempt filed by Plaintiff [ECF No. 93] be denied in part and dismissed in part.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 14, 2014